**DAVID S. SILBER SBN 176377**
ATTORNEY AT LAW
228 Commercial Street # 304
Nevada City, CA 95959
Telephone: (530) 265-9529
Facsimile: (530) 687-0306

Attorney for Plaintiff
KATHRYN KELLEY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KELLEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LARRY ALLEN, individually and in his capacity as DISTRICT ATTORNEY OF SIERRA COUNTY; THE OFFICE OF THE DISTRICT ATTORNEY OF SIERRA COUNTY; SIERRA COUNTY SHERIFF's DEPARTMENT; SARAH WRIGHT, individually and in her capacity as EMPLOYEE OF THE COUNTY OF SIERRA;  THE COUNTY OF SIERRA and DOES 1-25 inclusive<br><br>　　　　　Defendants | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS; CONSPIRACY, AND RELATED SUPPLEMENTAL CLAIMS;<br><br>Jury Trial Demanded |

### INTRODUCTORY STATEMENT

　　　　This is an action for damages sustained by plaintiff  Kathryn Kelley against the County Of Sierra, California, The Sierra County  District Attorney's Office, Sierra County District Attorney Larry Allen, Sierra County Victim Witness Advocate Sarah Wright,  Sierra County Sheriff's Department , who through its employees, agents and/or assigns unlawfully detained, assaulted, arrested, prosecuted, harassed, and unlawfully discriminated against KATHRYN KELLEY and thereby caused her to suffer extreme humiliation, severe emotional distress and other physical and emotional injuries. The injuries sustained and that she suffered

1

COMPLAINT FOR DAMAGES 42 USC §1983 -

were a direct and proximate result of the unlawful acts of the defendants, and failure of The County Of Sierra, as the supervisory body responsible for the conduct of the defendants and for its failure to take corrective action with respect to personnel for their failure to act, wrongfully act and generally fail to prevent the harassment and illegal treatment of plaintiff.

Beginning in August 2006 and continuing to the present, Plaintiff was falsely arrested, falsely imprisoned, forced to pay unreasonable and excessive bail, defamed of character, verbally abused and sexually discriminated against, wrongfully prosecuted for crimes not committed, denied Equal Protection of the law, denied Due Process, conspired against, subjected to undue harassment and mental torture constituting terrorism by a government employer and/ or agent.

This is an action for money damages brought by Plaintiff against Officials and Individuals employed by Sierra County California who discriminated against Plaintiff, the local governmental entities who employed, trained and supervised the Officials and Individuals, and Sierra County for tortious acts of the Officials and Individuals, as well as the unconstitutional policies and practices which resulted in the unlawful discrimination and wrongful prosecution, false arrest, false imprisonment, intentional infliction of emotional distress, discrimination and continuing harassment and assault of Plaintiff.

JURISDICTION

1.   This action is brought pursuant to *42 U.S.C. §§ 1983, 1985, 1986, 1988* and the *Fourth, Fifth and Fourteenth* Amendments to the *United States Constitution*. Jurisdiction is founded upon *28 U.S.C. §§ 1331* and *1343* and *1344* and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to *28 U.S.C.A. § 1367*, to hear and decide any and all claims arising under state law.

2.   This action is filed by Plaintiff under *42 U.S.C. § 1983* for violations of due process in violation of the *Fourth and Fourteenth* Amendments and for violations of cruel and unusual punishment in violation of the *Eighth* Amendment of the United States Constitution.

**COMPLAINT FOR DAMAGES 42 USC §1983 -**

3. This court has jurisdiction over Plaintiffs' claims of violation of federal Constitutional Rights under *28 U.S.C. §§ 1331* (federal question) and *42 U.S.C. § 1343(a)*. Venue is proper under *28 U.S.C. § 1391(b)*, in that one or more of the Defendants reside in the Eastern District of California and Plaintiffs' claims for relief arose in this district.

**PARTIES**

4. KATHRYN KELLEY is, and at all times covered in the complaint, a United States citizen, residing in Calpine, California which is in the Eastern District of California and is the plaintiff herein.

5. Defendant, THE COUNTY OF SIERRA, (hereinafter "COUNTY") is a duly constituted County and Municipality of the State of California and is and was the employer of certain of the unnamed sheriff's deputies, officers, and District Attorney, Larry Allen, Victim Witness Advocate, Sarah Wright and The Sierra County Sheriff and other personnel (Does 1-10).

6. Defendant SIERRA COUNTY DISTRICT ATTORNEY'S OFFICE (hereinafter SIERRA DA) is a duly constituted office and/or agency of the COUNTY, acting within its official capacities.

7. Defendant SIERRA COUNTY SHERIFF's DEPARTMENT (hereinafter SHERIFF) was and is an agency of the COUNTY.

8. Defendant LARRY ALLEN, ESQ. in his official and individual capacity, (hereinafter LARRY ALLEN) is at all times herein mentioned, District Attorney of Sierra County employed by the COUNTY, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of California and/or COUNTY, and acting in his individual and official capacity.

9. Defendant SARAH WRIGHT, (hereinafter referred to WRIGHT), is at all times herein mentioned, The County Of Sierra County Victim Witness Advocate employed by the COUNTY, and was acting in furtherance of the scope of her employment, acting under

Color of statutes, ordinances, regulations, policies, customs, and usages of the State of California and/or COUNTY, and acting in her individual and official capacity.

## FACTUAL ALLEGATIONS

10. Defendant LARRY ALLEN purposefully and systematically failed to act and acted against Ms. Kelley, a resident of Sierra County, and a constituent of Larry Allen.

11. ALLEN failed to investigate and to prosecute the persons responsible for over 50 complaints filed by plaintiff KELLEY against other residents who perpetrated crimes against her ranging from trespassing, to burglary, to sexual assault.

12. The District Attorney failed to act on the complaints filed by Kathryn Kelley and simultaneously prosecuted her to the fullest extent of the law for infraction offenses and other offenses without probable cause.

13. Through his intentional failure to investigate and or through his negligence and/or his negligent failure to act to take reasonable and prudent steps required to protect and defend Ms. Kelley since on or about 8/19/06, KELLEY was forced into a life of destitution because she was forced to defend herself against frivolous charges and pursue justice through civil litigation due to the total failure of the system to protect her.

14. ALLEN, unilaterally and under the color of authority, disregarded his legal duty to investigate and determine whether charges filed by SHERIFF in response to complaints made by KELLEY against persons who victimized Plaintiff KELLEY took place. In failing to act or investigate, ALLEN cannot now claim that he is immune from this charge due to the fact that any immunity he may enjoy would stem from performance of his job not an omission to act.

15. ALLEN's actions and omissions to act were blatant and contrary to his duty as the Duly Elected District Attorney of Sierra County. His obvious, outspoken intentional failure to act on legitimate complaints filed and reported by KELLEY was based on his personal animus against KELLEY. He consciously made a decision to neglect his duties and he decided not to investigate or prosecute violations of law committed against KELLEY, yet any complaint made by others against KELLEY, no matter how miniscule or frivolous, were zealously prosecuted even without the requisite probable cause.

16.     Defendant ALLEN's failure to act and the acts he did initiate to the detriment of KELLEY were outside the scope of any immunity he may enjoy due to the fact that his blatant failure to act on complaints made by KELLEY were intentional and his procedure and modus operandi tied the hands of the SHERIFF when they filed police reports and attempted to charge certain perpetrators with crimes against KELLEY.

17.     Defendant ALLEN even instructed county staff and the Sheriff to ignore KELLEY's pleas for help.

18.     The systematic failure of the COUNTY to assure proper training and supervision of their personnel or to implement meaningful procedures to discourage lawless official conduct. The defendants worked in concert and did nothing whatsoever to stop the acts committed against Kathryn Kelley which resulted in mental and emotional distress to the plaintiff. Plaintiff seeks recovery for her aforesaid damages, attorney's fees, etc. Plaintiff is entitled to an award of attorney fees and cost, pursuant to 42 U.S.C. § 1988.

19.     Sierra County, by virtue of the laws of the state of California, was the employer and supervisor of the other defendants and supervisory staff and/or detectives and/or officers. As such, they were responsible for training, supervision and conduct by defendants. It was also the responsibility of COUNTY, under law, for enforcing the laws of the State of California and for ensuring that supervisory staff, and personnel, as well as Sheriff's deputies and members of the District Attorney's Office obey the laws of the State of California and of the United States and prosecute said laws.

20.     At all times relevant, defendant Does 1-25 were employees of the County of Sierra and on information and belief were in the employ of the County of Sierra and working and/or at the time of the illegal detention and/or arrest of the plaintiff KATHRYN KELLEY

21.     The names and addresses of the said other DOE perpetrators are unknown to plaintiff. They are responsible, under law, for enforcing the regulations of the Sierra County and for enforcing the Laws of the State of California and the United States of America and for ensuring that police personnel, etc. obey the laws of the State of California and of the United States.

22.     At all times relevant hereto and in all their actions described herein, Defendants County of Sierra personnel, etc. were acting under color of law and pursuant to their authority as County of Sierra personnel.

COMPLAINT FOR DAMAGES 42 USC §1983 -

**Background Facts and Information**

23. In September 2006 Kathryn Kelley was sexually assaulted by a resident of Sierra County. The incident was reported to Sierra County Sherriff, the law enforcement agency that has jurisdiction over the town of Calpine, California where Ms. Kelley resides. The reports were taken by the Law Enforcement Agency and forwarded to District Attorney Allen. Allen disregarded the report and decided unilaterally that Ms. Kelley was not a victim. At the same time Victim Witness Coordinator for the Office of the Sierra County District Attorney, Sarah Wright refused to aid Ms. Kelley as a victim of a sexual battery.

24. District Attorney Larry Allen violated Ms. Kelley's Civil and Constitutional Rights by failing to investigate, file charges or prosecute crimes committed by various people against Ms. Kelley in further violation of Ms. Kelley's civil rights under color of authority beginning in 2006 and continuing to this day.

25. In furtherance of the conspiracy under color of authority, Mr. Allen was complicit in charging Ms. Kelley with crimes she did not commit and caused her to be detained without probable cause. Ms. Kelley was arrested without probable cause, held without bail, placed under, illegally detained, falsely imprisoned and unlawfully arrested in violation of her Fourth, Fifth and Fourteenth Amendment rights. She was also deprived of liberty without Due Process of Law under the Fourteenth Amendment, was subject to an unlawful seizure of her person in violation of the Fourth and Fourteenth Amendments. Excessive force was used upon her in violation of the Fourth and Fourteenth Amendments, and she was the victim of an assault and battery under state common law. The plaintiff further alleges that the county of Sierra is liable for the policy, custom, and practice of being deliberately indifferent to illegal arrests by its police department and a policy custom and practice of deliberate indifference to unlawful arrests and detentions.

26. Residents of Sierra County submitted false charges to the Sheriff against Ms. KELLEY and she was prosecuted to the fullest extent of the law by ALLEN in several cases without probable cause and without enough evidence to prove that she was guilty of the charged offenses beyond a reasonable doubt.

COMPLAINT FOR DAMAGES 42 USC §1983 -

27. KELLEY faced arrest, incarceration, and unlawful violation of her United States Constitutional Rights including those rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution. She was charged in Superior Court without probable cause.

28. KELLEY asserts that there has been an inconsistent application of the law by the law enforcement officials of the County and by District Attorney ALLEN. ALLEN prosecuted KELLEY on charges filed by citizens of Sierra County without any corroboration or supporting evidence. When KELLEY made complaints regarding people who actually victimized her, defendant ALLEN refused to file charges and refused to acknowledge that KELLEY's rights were violated.

29. The actions taken by the ALLEN as the District Attorney of Sierra County against KELLEY have devastated her on all levels; financially, psychologically and emotionally.

30. In Early April 2006, KELLEY reported Grand Theft of $3000 by Rob Kirsch and assault, battery and assault with a deadly weapon by Sam Rogers. The authorities including Sierra County Sheriff, and The District Attorney failed to investigate, or consider the evidence presented or the information offered. No evidence was taken by Deputies, no charges were filed, and no action was taken by District Attorney ALLEN.

31. On or about September 10, 2006, KELLEY reported that she was sexually assaulted, by Pat Welch, a resident of Sierra County after he trespassed and burglarized her home. Her pleas for help were denied and she was treated as if she was a perpetrator not a victim. ALLEN again failed to act and as a result KELLEY's rights were violated.

32. Shortly thereafter KELLEY requested help from the DISTRICT ATTORNEY Office of Victim Witness and was denied assistance and was treated as if she was the perpetrator. After at least 5 requests for assistance, the Sheriff was called to escort her out of the premises.

33. From May 2006 through September 2006, KELLEY reported four separate confrontations, including assault and threats by Sam Rogers against her. No action was taken by the Sherriff or the District Attorney.

COMPLAINT FOR DAMAGES 42 USC §1983 -

34. In late November of 2006 KELLEY again filed reports stating that Mr. Rogers had stalked her on her land, assaulted her and trespassed onto her property. The crimes committed against her were reported to the District Attorney. But due to a personal vendetta against Plaintiff KELLEY, Defendant ALLEN decided not to file a single criminal case against the Perpetrators despite the fact that KELLEY had accused the perpetrators of both felonies and misdemeanors. Defendant Allen failed to prosecute the perpetrators and failed to take actions to protect KELLEY as a victim of crime as they swore an oath to do. Defendant ALLEN should not be afforded immunity for his lack of action.

35. During January 2007 several incidents occurred wherein KELLEY, was wrongfully accused by Nadine Norton and James Norton of criminal acts. The statements given in support of KELLEY's arrest have since been retracted and in fact James Norton has admitted that the statements were perjured and James Norton admitted that in fact Nadine Norton battered KELLEY.

36. Following her arrest, KELLEY was taken to a county jail in a neighboring county, placed on a 48 hour hold by Court Order as requested by defendants, and then deemed to be free from mental problems.

37. During the 48 hour hold KELLEY was arraigned via video from the jail. She was then released on bond and forced to find a $225.00 cab ride back to her home which was over 80 miles away.

38. Shortly thereafter KELLEY was again arrested based on a citizen complaint by James Norton, which again was a false charge. She was walking down a public street, and was not in violation of any law or lawful order.

39. Another incident that led to further incarceration was alleged falsely by another citizen of Sierra County, who alleged that KELLEY assaulted him with a deadly weapon.

40. On that occasion KELLEY was detained, arrested, incarcerated, and forced to get a bail bond for her $50,000.00 bail that cost her premium of $5000.00. The charges were filed but the case was later dismissed.

41. There were other incidents that led KELLEY to be incarcerated without charges filed.

42. Then in October 2007 KELLEY was arrested and incarcerated for charges that were not prosecuted. She was held without bail for 48 hours. She was then released without charges being filed.

43. The actions taken by defendant ALLEN against KELLEY are ongoing and have not ceased. On July 10, 2009 all charges that had been pending were dismissed, and the cases were expunged and dismissed. Probation ended, Restraining Orders were dismissed yet defendant ALLEN continued to prosecute KELLEY frivolously and without probable cause; to wit he filed charges of dog trespassing filed by Welch. Following the November 2, 2009 court trial, KELLEY was found Not Guilty due to a lack of evidence.

44. Defendant ALLEN prosecuted KELLEY without probable cause and continued his systematic violation of KELLEY's rights and as a result should be held liable for the violations and damages suffered by KELLEY as described throughout this complaint.

**FIRST CAUSE OF ACTION**
**Violation of *42 USC 1983***
**(Against All Defendants)**

45. Plaintiff realleges each and every allegation of paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. Commencing in approximately 2006, defendants Sierra County Sheriff, Sheriff's Deputies, District Attorney's Office, Victim Witness Advocate and Does 1-20 with the specific authorization and approval of managing agents, supervisors, and officers of defendant Sierra County, began the harassment and violation of KATHRYN KELLEY's Constitutional Rights by arresting her, incarcerating her, charging her with violating the law without probable cause and FAILED to prosecute anyone she filed citizen's arrests AGAINST and other criminal complaints.

47. Defendants at all times acted under color of State law in coordination with each other, in the instituting of the criminal prosecution of plaintiff. Defendant Sheriff's

Deputies, with the supervision and approval of Supervisors, acted at all times in coordination with defendant Sierra County District Attorney's Office to VIOLATE plaintiff KELLEY's rights.

48. During all relevant times herein, Defendants, and each of them, were aware that they were under a duty to protect KELLEY's RIGHTS, not violate them. The evidence that the Defendants held against KELLEY did not constitute probable cause for arrest and did not constitute any crime. The evidence KELLEY had of crimes committed against her amounted to probable cause for the arrest of the perpetrators who were not charged by ALLEN. Defendants and each of them, at all times were aware that the other factual allegations upon which the criminal complaints were based were untrue, and did not constitute any criminal conduct. Defendants, and each of them, at no time had probable cause to initiate criminal proceedings against plaintiff.

49. Defendants, and each of them, at all times herein, acted with malice toward plaintiff KELLEY, in that each said defendant fully knew that plaintiff had engaged in no criminal conduct, that there was no factual or legal basis for her prosecution.

50. As a result of the unlawful conduct of defendants, and each of them, as set forth herein, KELLEY, was subject to search, seizure, and arrest, and was held in custody and under legal disabilities, in violation of the rights secured to her by the First, Fourth, and Fourteenth Amendments of the United States Constitution. As a further result of the conduct set forth herein, plaintiff was deprived of her liberty, and of her rights, without due process of law, in violation of the rights guaranteed to her by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

51. As a further result of the conduct set forth herein, plaintiff was deprived of her liberty, denied equal protection of the law, and deprived of her Due Process Rights and the Right to be free from unreasonable seizures. KELLEY's rights, privileges, and immunities guaranteed to her by the Fourth, and Fourteenth Amendments of the United States Constitution were blatantly violated.

52. Due to the unlawful conduct of defendants, and each of them, as set forth herein, plaintiff suffered economic losses from the cost of defending herself against the criminal charges, and from damage to her reputation and profession; suffered emotional distress; and incurred other general and special damages.

53. During the course of the criminal prosecutions of plaintiff, defendant ALLEN, with the knowledge and approval of the County of Sierra and the District Attorney's Office, and in furtherance of policies and procedures of that office, made public statements to the electronic media, print press, and in other public forums, falsely stating that plaintiff had committed criminal acts, fraudulent acts. Defendant ALLEN engaged in said public statements and conduct with malice toward plaintiff in that ALLEN was fully aware of the fact that plaintiff violated no law, was innocent of any unlawful conduct. The sole purpose of said public statements was to further the true purposes of the criminal prosecutions of plaintiff.

SECOND CAUSE OF ACTION
*42 U.S.C. §§ 1983* and *1988*
**False Arrest and False Imprisonment**

54. Plaintiff realleges each and every allegation of paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. At all times herein, defendants, and each of them, conspired with each other, to commit the violations of KELLEY's rights as alleged herein. Defendants, and each of them, coordinated and conspired to substantially assist each other in the wrongful conduct alleged herein, by planning and putting into effect a program of public statements

56. The sole purpose of said conspiracy was to ruin KELLEY. As a result of the conspiracy as alleged herein, plaintiff has suffered the damages and losses as previously set forth herein.

THIRD CAUSE OF ACTION
**Conspiracy to Commit Violation of Civil Rights in Violation of *42 USC 1985***
**(Against All Defendants)**

57. Plaintiff realleges each and every allegation of paragraphs 1 through 56 of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES 42 USC §1983 -

58. Defendant Sheriff's lacked probable cause or legal justification to initially arrest the plaintiff, thereby violating plaintiff's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

59. Defendant's actions were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted. **WHEREFORE,** plaintiff demands compensatory and punitive damages against the defendants, jointly and/or severally, in an amount in excess of One Million ($ 1,000,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate **relief.**

**FOURTH CAUSE OF ACTION**
**Common Law Malicious Prosecution**
**(Against Defendant ALLEN only)**

60. Plaintiff realleges each and every allegation of paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61. Defendant ALLEN, acting within the course and scope of his employment with the County of Sierra, instituted the above described criminal proceedings against plaintiff by the provision of false and misleading information and evidence to the District Attorney's office of Sierra County. Those criminal actions were favorably terminated for plaintiff by dismissal of all charges.

62. There was no probable cause to initiate said criminal proceedings, as said defendants had actual knowledge at all times that plaintiff had not violated any law, DEFENDANTS and each of them, acted maliciously in the prosecutions of plaintiff, as set forth herein.

63. As a result of the malicious prosecution, plaintiff has sustained the damages as previously set forth in this Complaint.

WHEREFORE, plaintiff prays for relief as follows:

1. For general and special damages, in the amount of $5,000,000.00, according to proof, against defendants, and each of them;

2. For punitive damages against defendants, and each of them;

3. For attorneys' fees pursuant to the First Cause of Action;

4. For costs of suit incurred herein;

5. For general, special, and punitive damages against ALLEN pursuant to the Third Cause of Action; and

6. For such further relief as the Court deems just and proper.

Dated: March 5, 2010

*/s/ David S. Silber*
David S. Silber
Attorney for Plaintiff

## VERIFICATION

I, KATHRYN KELLEY, do hereby declare:

I am the Plaintiff in the above entitled action. I have read the Complaint and know the contents thereof. Based on my knowledge, I allege that those matters which are therein stated are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 8th day of March in Calpine, California.

_Kathryn a Kelley_
KATHRYN KELLEY
Plaintiff