**DAVID S. SILBER SBN 176377**
ATTORNEY AT LAW
228 Commercial Street # 304
Nevada City, CA 95959
Telephone: (530) 265-9529
Facsimile: (530) 687-0306

Attorney for Plaintiff
KATHRYN KELLEY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KELLEY,<br><br>              Plaintiff,<br><br>   vs.<br><br>LARRY ALLEN, DISTRICT ATTORNEY OF SIERRA COUNTY individually; SARAH WRIGHT, individually and in her capacity as VICTIM WITNESS ADVOCATE OF THE COUNTY OF SIERRA;  THE COUNTY OF SIERRA and DOES 1-25 inclusive<br><br>          Defendants. | Case No.: 2:10-CV-00557-GEB-DAD<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES;<br>1.  **Violation of Fourth Amendment  *42 USC 1983***<br>2.  **Violation of Fourteenth Amendment; Procedural Due Process *42 USC 1983***<br>3.  **Violation of Fourteenth Amendment; Substantive Due Process *42 USC 1983***<br>4.  ***Monell* claim: Actionable under *42 USC 1983***<br>5.  **False Arrest and False Imprisonment *42 U.S.C. §§ 1983* and *1988***<br>6.  **Conspiracy to Commit Violation of Civil Rights Violation of *42 USC 1985***<br>7.  **Declaratory Relief**<br>8.  **Injunctive Relief**<br>Jury Trial Demanded |

## INTRODUCTORY STATEMENT

LARRY ALLEN conspired with Sarah Wright and other defendants to violate Plaintiff Kathy KELLEY's civil and constitutional rights. ALLEN did not uphold his oath of office and instead used his personal bias and animosity against the Plaintiff to deny her the rights that he was elected to support and enforce.

**1**

ALLEN blatantly discriminated against KELLEY when he failed to properly investigate and evaluate complaints that KELLEY filed with the Sierra County Sheriff's deputies on at least 80 different occasions. The complaints were the basis for criminal charges alleging felonies and misdemeanors against other Sierra County residents between 2006 -2010. The Sierra County District Attorney's website outlines that,

> "The District Attorney of Sierra County is the lawyer for the people, a non-partisan official who is elected every four years… It is the mission of the Sierra County District Attorney to represent the interests of the people in the criminal justice system, as mandated by California State law. The Sierra County District Attorney serves the residents of Sierra County by: seeking the truth; protecting the innocent; holding the guilty accountable; preserving the dignity of victims and their families; and, ensuring that justice is done while always maintaining the highest ethical standards."

ALLEN failed to investigate and evaluate any claim filed by KELLEY. ALLEN decided that Kathy KELLEY's complaints were unjustified and without merit based on his personal dislike of Kathy KELLEY. Since ALLEN failed to act in his role as District Attorney and to properly evaluate the evidence and claims she made, he is not immune from this action. Had ALLEN acted in his capacity as he should have he would have investigated the claims and determined that KELLEY's claims had merit and charges should have been filed.

ALLEN directed Sarah Wright to deny Kathy Kelly access to services or assistance despite the evidence that Plaintiff, Kelly was a victim of sexual assault. Furthermore ALLEN and Wright aided the person that Kelly has accused of committing the sexual assault on her.

ALLEN also directed Sheriff Evans and other deputies to disregard any complaints or charges filed by KELLEY to deny KELLEY access to services or assistance despite the evidence that Plaintiff, KELLEY was a victim of sexual assault and other crimes and criminal activity. Furthermore ALLEN and Wright aided the person that Kelly has accused of committing the sexual assault on her.

Contrary to the approach ALLEN took regarding complaints filed by KELLEY, when a citizen or resident of Calpine complained about KELLEY to the Sheriff, District Attorney ALLEN filed each and every action lodged against KELLEY despite the lack of evidence or probable cause. This double standard and failure to act, failure to prosecute or failure

2

to investigate by ALLEN is the basis for this action and because of his failure to act as a prudent reasonable District Attorney his immunity is vitiated.

ALLEN is and at all times mentioned herein was the Chief Law Enforcement Official of Sierra County at his direction other employees and agents of the District Attorney's office and Sierra County also acted outside the scope of their job description and acted in concert with ALLEN to violate Kathryn KELLEY's rights. Based on ALLEN's authority and position as District Attorney he along with Sarah Wright and members of the Sheriff's Department failed to act as a reasonable unbiased public official would or should act and in doing so violated the rights of Plaintiff KELLEY.

Sierra County District Attorney Larry ALLEN, Sierra County Victim Witness Advocate Sarah Wright, failed to provide services to plaintiff KELLEY in violation of law and her civil and constitutional rights. ALLEN with the assistance of the Sierra County Sheriff's Department unlawfully detained, assaulted, arrested, prosecuted, harassed, and discriminated against KATHRYN KELLEY and they also failed to investigate, failed to protect and properly determine whether the events complained of by KELLEY had any merit. By taking actions against her when charges were filed by others but completely failing to investigate charges KELLEY filed her rights were violated by ALLEN and his codefendants. These actions and failures to act caused her to suffer extreme humiliation, severe emotional distress and other physical and emotional injuries. The injuries sustained and that she suffered were a direct and proximate result of the unlawful acts of the defendants, and failure of The County Of Sierra, as the supervisory body responsible for the conduct of the defendants and for its failure to take corrective action with respect to personnel for their failure to act, wrongfully act and generally fail to prevent the harassment and illegal treatment of plaintiff.

Beginning in August 2006 and continuing to the present, Plaintiff was falsely arrested, falsely imprisoned, forced to pay unreasonable and excessive bail, defamed of character, verbally abused and sexually discriminated against, wrongfully prosecuted for crimes not committed, denied Equal Protection of the law, denied Due Process, conspired against,

**FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -**

subjected to undue harassment and mental torture constituting terrorism by a government employer and/ or agent.

During this same period of time from August 2006 through 2010 every complaint or charge filed by KELLEY against people who committed criminal acts against her that ranged from trespass, petty theft, grand theft, burglary, rape sexual assault, battery and other misdemeanors and felonies was disregarded by ALLEN and his coconspirators without properly investigating or evaluating her claims. In fact out of over 50 complaints filed by KELLEY, zero cases were filed despite recommended charges filed by the Sierra County Sheriff after they investigated the complaints made by KELLEY.

This is an action for money damages, declaratory and injunctive relief brought by Plaintiff against the defendants who discriminated against Plaintiff for the tortuous acts of the Officials and Individuals, as well as the unconstitutional policies and practices which resulted in the failure of the defendants to protect and file charges against those that caused harm to KELLEY and for the unlawful discrimination and wrongful prosecution, false arrest, false imprisonment, intentional infliction of emotional distress, discrimination  and continuing harassment and assault of Plaintiff.

## JURISDICTION

1. This action is brought pursuant to *42 U.S.C. §§ 1983, 1985, 1986, 1988* and the First*, Fourth, Fifth and Fourteenth* Amendments to the *United States Constitution*. Jurisdiction is founded upon *28 U.S.C. §§ 1331* and *1343* and *1344* and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to *28 U.S.C.A. § 1367*, to hear and decide any and all claims arising under state law.

2. This action is filed by Plaintiff under *42 U.S.C. § 1983* for violations of due process in violation of the *Fourth and Fourteenth* Amendments and for violations of cruel and unusual punishment in violation of the *Eighth* Amendment of the United States Constitution.  For violations of Equal Protection and Due Process in addition to First Amendment violations.

3.     This court has jurisdiction over Plaintiffs' claims of violation of federal Constitutional Rights under *28 U.S.C. §§ 1331* (federal question) and *42 U.S.C. § 1343(a)*. Venue is proper under *28 U.S.C. § 1391(b),* in that one or more of the Defendants reside in the Eastern District of California and Plaintiffs' claims for relief arose in this district.

**PARTIES**

4.     KATHRYN KELLEY is, and at all times covered in the complaint, a United States citizen, residing in Calpine, California which is in the Eastern District of California and is the plaintiff herein.

5.     Defendant, THE COUNTY OF SIERRA, (hereinafter "COUNTY") is a duly constituted County and Municipality of the State of California and is and was the employer of certain of the unnamed sheriff's deputies, officers, and District Attorney, Larry ALLEN, Victim Witness Advocate, Sarah Wright and  The Sierra County Sheriff and other personnel (Does 1-10).

6.     Defendant DOES 1-5 were policymakers or "those whose edicts may be fairly said to represent official policy" of Sierra County.

7.     Defendant LARRY ALLEN, ESQ. acted and failed to act in his individual capacity, in performing certain tasks and (hereinafter ALLEN) is at all times herein mentioned, District Attorney of Sierra County employed by the COUNTY, acted and failed to act in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the COUNTY OF SIERRA.

8.     Defendant SARAH WRIGHT, (hereinafter referred to WRIGHT), is and was at all times herein mentioned, The County Of Sierra County Victim Witness Advocate employed by the COUNTY, and was acting in furtherance of the scope of her employment, acting under Color of statutes, ordinances, regulations, policies, customs, and usages of the State of California and/or COUNTY, and acting in her individual capacity. WRIGHT'S actions and failures to act were based on her bias and animosity against KELLEY and as a result of the conspiracy and direction of defendant LARRY ALLEN.

///

**FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -**

## FACTUAL ALLEGATIONS

9.      Defendant LARRY ALLEN purposefully and systematically failed to act and acted against Ms. KELLEY, a resident of Sierra County, and a constituent of ALLEN.

10.      ALLEN failed to investigate and failed to prosecute the persons responsible for over 50 complaints filed by plaintiff KELLEY against other residents of Sierra County who perpetrated crimes against her ranging from trespassing, to burglary, to sexual assault.

11.      The District Attorney failed to act on the complaints filed by Kathryn KELLEY and simultaneously prosecuted her to the fullest extent of the law for infraction offenses and other offenses without probable cause.

12.      Through his intentional failure to investigate and or through his negligence and/or his negligent failure to act to take reasonable and prudent steps required to protect and defend Ms. KELLEY since on or about 8/19/06, that have continued to this day. KELLEY was forced into a life of destitution because she was forced to defend herself against frivolous charges and pursue justice through civil litigation due to the total failure of the system to protect her. In addition she was not

13.      ALLEN, unilaterally and under the color of authority, disregarded his legal duty to investigate and determine whether charges filed by SHERIFF in response to complaints made by KELLEY against persons who victimized Plaintiff KELLEY took place. In failing to act or investigate, ALLEN cannot now claim that he is immune from this charge due to the fact that any immunity he may enjoy would stem from performance of his job not from a failure to act or an omission to act.

14.      ALLEN's actions and omissions to act were blatant and contrary to his duty as the Duly Elected District Attorney of Sierra County. His obvious, outspoken intentional failure to act on legitimate complaints filed and reported by KELLEY was based on his personal animus against KELLEY. He consciously made a decision to neglect his duties and he decided not to investigate or prosecute violations of law committed against KELLEY, yet any complaint made by others against KELLEY, no matter how miniscule or frivolous,  were  zealously prosecuted even without the requisite probable cause.

15.     Defendant ALLEN's failure to act and the acts he did initiate to the detriment of KELLEY were outside the scope of any immunity he may enjoy due to the fact that his blatant failure to act on complaints made by KELLEY were intentional and his procedure and modus operandi tied the hands of the SHERIFF when they filed police reports and attempted to charge certain perpetrators with crimes against KELLEY.

16.     Defendant ALLEN even instructed county staff and the Sheriff to ignore KELLEY's pleas for help.

17.     The systematic failure of the COUNTY to assure proper training and supervision of their personnel or to implement meaningful procedures to discourage lawless official conduct. The defendants worked in concert and did nothing whatsoever to stop the acts committed against Kathryn KELLEY which resulted in mental and emotional distress to the plaintiff. Plaintiff seeks recovery for her aforesaid damages, attorney's fees, etc. Plaintiff is entitled to an award of attorney fees and cost, pursuant to 42 U.S.C. § 1988.

18.     Sierra County, by virtue of the laws of the state of California, was the employer and supervisor of the other defendants and supervisory staff and/or detectives and/or officers. As such, they were responsible for training, supervision and conduct by defendants. It was also the responsibility of COUNTY, under law, for enforcing the laws of the State of California and for ensuring that supervisory staff, and personnel, as well as Sheriff's deputies and members of the District Attorney's Office obey the laws of the State of California and of the United States and prosecute said laws.

19.     At all times relevant, defendant Does 1 -5 were Supervisors and or employees of the County of Sierra and on information and belief were in the employ of the County of Sierra. Said Officials and Supervisors were in the position to set and direct policy of the County and of the policies used by District Attorney ALLEN when he acted against protocol and standardized procedures and denied service to KATHRYN KELLEY and during the time when LARRY ALLEN totally ignored pleas for help from KELLEY and during the time that ALLEN prosecuted KELLEY without probable cause.

20.     The names and addresses of the said other DOE perpetrators are unknown to plaintiff. They are responsible, under law, for enforcing the regulations of the Sierra County and for enforcing the Laws of the State of California and the United States of America and for

**FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -**

ensuring that police personnel, etc. obey the laws of the State of California and of the United States.

21.    At all times relevant hereto and in all their actions described herein, Defendants County of Sierra personnel, etc. were acting under color of law and pursuant to their authority as County of Sierra personnel. These defendants were both acting in concert with and or directing activities of the other co conspirators.

### Background Facts and Information

22.    In September 2006 Kathryn KELLEY was sexually assaulted by a resident of Sierra County. The incident was reported to Sierra County Sherriff, the law enforcement agency that has jurisdiction over the town of Calpine, California where Ms. KELLEY resides. The reports were taken by the Law Enforcement Agency and forwarded to District Attorney ALLEN. ALLEN disregarded the report and decided unilaterally that Ms. KELLEY was not a victim. At the same time Victim Witness Coordinator for the Office of the Sierra County District Attorney, Sarah Wright refused to aid Ms. KELLEY as a victim of a sexual battery.

23.    District Attorney Larry ALLEN violated Ms. KELLEY's Civil and Constitutional Rights by failing to investigate, file charges or prosecute crimes committed by various people against Ms. KELLEY in further violation of Ms. KELLEY's civil rights under color of authority beginning in 2006 and continuing to this day.

24.    In furtherance of the conspiracy under color of authority, Mr. ALLEN was complicit in charging Ms. KELLEY with crimes she did not commit and caused her to be detained without probable cause. Ms. KELLEY was arrested without probable cause, held without bail, placed under, illegally detained, falsely imprisoned and unlawfully arrested in violation of her Fourth, Fifth and Fourteenth Amendment rights. She was also deprived of liberty without Due Process of Law under the Fourteenth Amendment, was subject to an unlawful seizure of her person in violation of the Fourth and Fourteenth Amendments. Excessive force was used upon her in violation of the Fourth and Fourteenth Amendments, and she was the victim of an assault and battery under state common law. The plaintiff further alleges that the county of Sierra is liable for the policy, custom, and practice of being deliberately indifferent to

FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -

illegal arrests by its police department and a policy custom and practice of deliberate indifference to unlawful arrests and detentions.

25.     Residents of Sierra County submitted false charges to the Sheriff against Ms. KELLEY and she was prosecuted to the fullest extent of the law by ALLEN in several cases without probable cause and without enough evidence to prove that she was guilty of the charged offenses beyond a reasonable doubt.

26.     KELLEY faced arrest, incarceration, and unlawful violation of her United States Constitutional Rights including those rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution. She was charged in Superior Court without probable cause.

27.     KELLEY asserts that there has been an inconsistent application of the law by the law enforcement officials of the County and by District Attorney ALLEN. ALLEN prosecuted KELLEY on charges filed by citizens of Sierra County without any corroboration or supporting evidence. When KELLEY made complaints regarding people who actually victimized her, defendant ALLEN refused to file charges and refused to acknowledge that KELLEY's rights were violated.

28.     The actions taken by the ALLEN as the District Attorney of Sierra County against KELLEY have devastated her on all levels; financially, psychologically and emotionally.

29.     In Early April 2006, KELLEY reported Grand Theft of $3000 by Rob Kirsch and assault, battery and assault with a deadly weapon by Sam Rogers. The authorities including Sierra County Sheriff, and The District Attorney failed to investigate, or consider the evidence presented or the information offered. No evidence was taken by Deputies, no charges were filed, and no action was taken by District Attorney ALLEN.

30.     On or about September 10, 2006, KELLEY reported that she was sexually assaulted, by Pat Welch, a resident of Sierra County after he trespassed and burglarized her home. Her pleas for help were denied and she was treated as if she was a perpetrator not a victim. ALLEN again failed to act and as a result KELLEY's rights were violated.

31.     Shortly thereafter KELLEY requested help from the DISTRICT ATTORNEY Office of Victim Witness and was denied assistance and was treated as if she was

**FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -**

the perpetrator. After at least 5 requests for assistance, the Sheriff was called to escort her out of the premises.

32.     From May 2006 through September 2006, KELLEY reported four separate confrontations, including assault and threats by Sam Rogers against her. No action was taken by the Sherriff or the District Attorney.

33.     In late November of 2006 KELLEY again filed reports stating that Mr. Rogers had stalked her on her land, assaulted her and trespassed onto her property. The crimes committed against her were reported to the District Attorney. But due to a personal vendetta against Plaintiff KELLEY, Defendant ALLEN decided not to file a single criminal case against the Perpetrators despite the fact that KELLEY had accused the perpetrators of both felonies and misdemeanors. Defendant ALLEN failed to prosecute the perpetrators and failed to take actions to protect KELLEY as a victim of crime as they swore an oath to do.  Defendant ALLEN should not be afforded immunity for his lack of action.

34.     During January 2007 several incidents occurred wherein KELLEY, was wrongfully accused by Nadine Norton and James Norton of criminal acts. The statements given in support of KELLEY's arrest have since been retracted and in fact James Norton has admitted that the statements were perjured and James Norton admitted that in fact Nadine Norton battered KELLEY.

35.     Following her arrest, KELLEY was taken to a county jail in a neighboring county, placed on a 48 hour hold by Court Order as requested by defendants, and then deemed to be free from mental problems.

36.     During the 48 hour hold KELLEY was arraigned via video from the jail. She was then released on bond and forced to find a $225.00 cab ride back to her home which was over 80 miles away.

37.     Shortly thereafter KELLEY was again arrested based on a citizen complaint by James Norton, which again was a false charge. She was walking down a public street, and was not in violation of any law or lawful order.

38.     Another incident that led to further incarceration was alleged falsely by another citizen of Sierra County, who alleged that KELLEY assaulted him with a deadly weapon.

39.     On that occasion KELLEY was detained, arrested, incarcerated, and forced to get a bail bond for her $50,000.00 bail that cost her premium of $5000.00. The charges were filed but the case was later dismissed.

40.     There were other incidents that led KELLEY to be incarcerated without charges filed.

41.     Then in October 2007 KELLEY was arrested and incarcerated for charges that were not prosecuted. She was held without bail for 48 hours. She was then released without charges being filed.

42.     The actions taken by defendant ALLEN against KELLEY are ongoing and have not ceased.  On July 10, 2009 all charges that had been pending were dismissed, and the cases were expunged and dismissed. Probation ended, Restraining Orders were dismissed yet defendant ALLEN continued to prosecute KELLEY frivolously and without probable cause; to wit he filed charges of dog trespassing filed by Welch. Following the November 2, 2009 court trial, KELLEY was found Not Guilty due to a lack of evidence.

43.     Defendant ALLEN prosecuted KELLEY without probable cause and continued his systematic violation of KELLEY's rights and as a result should be held liable for the violations and damages suffered by KELLEY as described throughout this complaint.

44.     Commencing in approximately 2006, and continuing through 2010, defendants Sierra County, Sheriff's Deputies, District Attorney ALLEN, WRIGHT and Does 1-20 with the specific authorization and approval of managing agents, supervisors, and officers of Sierra County, began the conspiracy, harassment and violation of KATHRYN KELLEY's Constitutional Rights by arresting her, incarcerating her, charging her with violating the law without probable cause and then they FAILED to prosecute anyone she filed citizen's arrests AGAINST  and other criminal complaints.

**FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -**

45.     Defendants at all times acted under color of State law in coordination with each other, in the instituting of the criminal prosecution of plaintiff. Defendant Sheriff's Deputies, with the supervision and approval of Supervisors, acted at all times in coordination with defendant Sierra County District Attorney's Office to VIOLATE plaintiff KELLEY's rights.

46.     During all relevant times herein, Defendants, and each of them, were aware that they were under a duty to protect KELLEY's RIGHTS, and not to violate them. The evidence that the Defendants held against KELLEY did not constitute probable cause for arrest and did not constitute any crime. The evidence KELLEY had of crimes committed against her amounted to probable cause for the arrest of the perpetrators who were not investigated y ALLEN or charged by ALLEN. Defendants and each of them, at all times mentioned herein were aware that the other factual allegations made against KELLEY were untrue and as such formed no basis for the criminal complaints that were filed against KELLEY. Defendants had no probable cause to initiate criminal proceedings against plaintiff.

47.     Defendants, and each of them, at all times herein, acted with malice toward plaintiff KELLEY, in that each said defendant fully knew that plaintiff had engaged in no criminal conduct, that there was no factual or legal basis for her prosecution. Additionally ALLEN failed to act as a reasonable prudent District Attorney.

48.     As a result of the unlawful conduct of defendants, and each of them, as set forth herein, KELLEY, was subject to search, seizure, and arrest, and was held in custody and under legal disabilities, in violation of the rights secured to her by the First, Fourth, and Fourteenth Amendments of the United States Constitution. As a further result of the conduct set forth herein, plaintiff was deprived of her liberty, and of her rights, without due process of law, in violation of the rights guaranteed to her by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

49.     As a further result of the conduct set forth herein, plaintiff was deprived of her liberty, denied equal protection of the law, and deprived of her Due Process Rights and the

**FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -**

Right to be free from unreasonable seizures. KELLEY's rights, privileges, and immunities guaranteed to her by the Fourth, and Fourteenth Amendments of the United States Constitution were blatantly violated.

50.   Due to the unlawful conduct of defendants, and each of them, as set forth herein, plaintiff suffered economic losses from the cost of defending herself against the criminal charges, and from damage to her reputation and profession; suffered emotional distress; and incurred other general and special damages.

51.   During the course of the criminal prosecutions of plaintiff, defendant ALLEN, with the knowledge and approval of the County of Sierra and the District Attorney's Office, and in furtherance of policies and procedures of that office, made public statements to the electronic media, print press, and in other public forums, falsely stating that plaintiff had committed criminal acts, fraudulent acts. Defendant ALLEN engaged in said public statements and conduct with malice toward plaintiff in that ALLEN was fully aware of the fact that plaintiff violated no law, was innocent of any unlawful conduct. The sole purpose of said public statements was to further the true purposes of the criminal prosecutions of plaintiff.

**FIRST CAUSE OF ACTION**
**Violation of Fourth Amendment**
*42 USC 1983*

52.   Plaintiff realleges each and every allegation of paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.   Defendants' unlawful detentions of plaintiff and defendants' fraudulent instigation of criminal charges against KELLEY commencing in 2006 and continuing through 2010, have proximately caused damage to KELLEY and has deprived her of rights held under the US Constitution and thereby rendering Defendants liable under 42U.S.C § 1983.

54.   Plaintiff KELLEY'S Fourth Amendment rights were violated by defendants' actions.

55.     When the defendants' conspired to deprive KELLEY of her rights they acted under color of law. As a direct and proximate result of defendant's course of conduct, Plaintiff KELLEY suffered damages to her personal health and reputation, suffering mental anguish, shock, anxiety, humiliation and feelings of helplessness.

56.     As a direct and proximate result of the violations of Plaintiff KELLEY's Fourth Amendment Rights, plaintiff has suffered financial loss in a sum in excess of $1,000,000.

57.     Plaintiff was compelled into obtaining legal representation to protect, assert and defend her rights in this proceeding and is entitled to recover all attorney's fees and related expenses incurred as a result, in an amount according to proof.

58.     Defendants' actions were intentional, and malicious and taken in blatant disregard for plaintiff's rights and justify an award of punitive damages.

**SECOND CAUSE OF ACTION**
**Violation of Fourteenth Amendment**
**Procedural Due Process**
***42 USC 1983***

59.     Plaintiffs re-allege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

60.     Defendants' knowingly and intentionally failed to investigate, the lawful MERITORIOUS complaints lodged by KELLEY based on bias, animosity and personal feelings against KELLEY. Defendants knew or should have known that they had a duty to investigate and follow up in prosecuting the perpetrators of the crimes against KELLEY. Defendants actions have  proximately caused damage to the goodwill of Plaintiff, and has deprived plaintiff of rights held by plaintiffs under both California and federal law, thereby depriving plaintiff of rights and privileges secured by California state law, the California Constitution, and the United States Constitution, and rendering defendants liable to plaintiff under 42 U.S.C. § 1983

61.     Defendants' actions as described herein violated Plaintiff's procedural due process rights under the U.S. Constitution.

14

62.   When defendants conspired to deprive Plaintiff KELLEY of her procedural due process rights, they acted under color of state law. Specifically, defendants violated plaintiff's rights under the due process clause of the U.S. Const. Amend. XIV.

63.   As a direct and proximate result of defendants' actions, Plaintiff suffered serious injury, including but not limited to extreme embarrassment, humiliation, anxiety, ridicule, physical upset, emotional distress, and financial loss in a sum in excess of $ 1,000,000.

64.   Plaintiff has been compelled to obtain legal representation to protect her rights and represent her in this proceeding, and is entitled to recover all attorney's fees and related expenses incurred as a result, in an amount to be determined according to proof.

65.   Defendants' actions were intentional, and malicious and taken in blatant disregard for plaintiff's rights and justify an award of punitive damages.

### THIRD CAUSE OF ACTION
### Violation of Fourteenth Amendment
### Substantive Due Process
### *42 USC 1983*

66.   Plaintiff re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

67.   Defendants actions were taken maliciously and rise to the level of substantive due process violations, in that defendants intentionally sought to frustrate long established law and custom that as the Chief Law Enforcement Officer in Sierra County they had a duty to provide substantive due process to this plaintiff, in order to subject Plaintiff to obloquy in the community and thereby to humiliate Plaintiff, and to drive Plaintiff out of town, and to deprive Plaintiff of the means to support herself through her retirement, and to deplete Plaintiff KELLEY's financial resources by requiring that she defend herself against criminal charges brought without probable cause and maliciously by defendants, and hence, also to bankrupt Plaintiff KELLEY.

68.   Defendants' actions as described herein "shock the conscience," in that Defendants ALLEN, WRIGHT and the DOE NAMED COUNTY OFFICIALS AND SUPERVISORS continued to perpetrate the conspiracy, in order to continue with their attempts

to use the lawful power of the State of California to subject Plaintiff KELLEY to criminal prosecution and the threat of incarceration without due process of law,

69.     When defendants conspired to deprive plaintiff of her substantive due process rights, they acted under color of state law. Specifically, defendants violated plaintiff's substantive rights under the due process clause of the U.S. Const. Amend. XIV.

70.     As a direct and proximate result of defendants' actions, plaintiff suffered serious injury, including but not limited to extreme embarrassment, humiliation, anxiety, ridicule, physical upset, emotional distress, and financial loss in a sum in excess of $ 1,000,000.

71.     Plaintiff has been compelled to obtain legal representation to protect her rights and represent it in this proceeding, and is entitled to recover all attorney's fees and related expenses incurred as a result, in an amount to be determined according to proof.

72.     Defendants' actions were intentional, and malicious and taken in blatant disregard for plaintiff's rights and justify an award of punitive damages.

### FOURTH CAUSE OF ACTION
### Entity Liability/Unconstitutional Policies and Practices
### (*Monell* claim: Actionable under *42 USC 1983*)

73.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 72, as though fully set forth herein.

74.     The aforementioned acts of the individually named defendants in failing to act violated plaintiff's constitutional rights and despite the fact that the omissions were done by county officials they were done against standard operating procedures and despite knowing that they actions were done illegally, Supervisors and Officials allowed the illegal unimmunized activities to continue in violation of KELLEY's rights and were done contrary to policies, customs and/or practices of defendants.

75.     Such policies, customs and/or practices include, but are not limited to, an ongoing pattern of deliberate indifference to the rights and privileges of citizens of Sierra County, to be free from wrongful arrests and detentions and illegal warrantless entry and search.

In addition a law abiding citizen who has become a victim of another's crime should be taken seriously and if that person files a report for arrest the authorities are under a duty to act, not to neglect

76.    As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein.

**FIFTH CAUSE OF ACTION**
*42 U.S.C. §§ 1983* and *1988*
**False Arrest and False Imprisonment**

77.    Plaintiff realleges each and every allegation of paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78.    At all times herein, defendants, and each of them, conspired with each other, to commit the violations of KELLEY's rights as alleged herein. Defendants, and each of them, coordinated and conspired to substantially assist each other in the wrongful conduct alleged herein, by planning and putting into effect a program of public statements

79.    The sole purpose of said conspiracy was to ruin KELLEY. As a result of the conspiracy as alleged herein, plaintiff has suffered the damages and losses as previously set forth herein.

**SIXTH CAUSE OF ACTION**
**Conspiracy to Commit Violation of Civil Rights**
**Violation of *42 USC 1985***
**(Against All Defendants)**

80.    Plaintiff realleges each and every allegation of paragraphs 1 through 79 of this Complaint as though fully set forth herein.

81.    Defendant Sheriff's lacked probable cause or legal justification to initially arrest the plaintiff, thereby violating plaintiff's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

82.    Defendant's actions were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition

of punitive damages is warranted. **WHEREFORE,** plaintiff demands compensatory and punitive damages against the defendants, jointly and/or severally, in an amount in excess of One Million ($ 1,000,000.00) Dollars, plus interest, costs, a**t**torney's fees and other appropria**te relief.**

### SEVENTH CLAIM FOR RELIEF
### (Declaratory Relief)

83.     Plaintiffs re-allege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

84.     An actual controversy has arisen and now exists between plaintiffs and defendants regarding the defendants' failure to protect citizens from criminal acts committed by other perpetrators.

85.     Plaintiff KELLEY contends that she has the right, to report criminal activity and for the District Attorney to take her claims seriously and at the least investigate the charges and actually file cases that are justified. When there is not probable cause or evidence than the Prosecutor should refrain from filing cases.

86.     Defendants apparently contend that they are under no legal duty to investigate or properly determine if in fact Plaintiff has been a victim of criminal activity.

87.     Plaintiff desires a judicial determination regarding defendants' right and authority in failing to protect plaintiff from crimes committed against her.

88.     A judicial determination is necessary and appropriate at this time in order that Plaintiff may ascertain her rights. Further, Plaintiff has suffered, and continues to suffer, damages.

### EIGHTH CLAIM FOR RELIEF
### (Injunctive Relief)

89.      Plaintiffs re-allege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

90.     Because of the unlawful actions that defendants have engaged in, as set forth above, and because several of the individual defendants are involved in law enforcement or other government functions, pursuant to California Law and are hence authorized by law to carry deadly weapons, and detain individuals under penalty of incarceration, and because the

said actions were taken in response to plaintiffs' free speech and associative activities, and hence, thereby infringed on plaintiffs' First Amendment free speech rights/communications, as well as Plaintiff  freedom to associate for commercial purposes with the individuals of her choice, pursuant to the First Amendment, and because several of the individual defendants have unlawfully detained Plaintiff  and because defendants have further interfered with Plaintiff KELLEY'S constitutional rights, by fraudulently instigating the filing of criminal charges against Plaintiff, and have damaged Plaintiff's reputation in the community and subjected Plaintiff to public obloquy in the community, it is in the public interest for this court to permanently enjoin defendants from engaging in the aforementioned conduct, and plaintiffs request that this Court do so.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants for:

A.      Damages of $ 1,000,000 with interest thereon at the legal rate

B.      Punitive damages  as proven;

C.       Litigation expenses;

D.      Attorney's fees;

F.      Costs of suit (on all claims for relief);

G.      An order restraining defendants from unlawfully harassing plaintiffs in any manner; and

H.      For such other and further relief as the Court may deem proper
        (on all claims for relief).

Date: September 15, 2010            _____.

                                    David S. Silber
                                    Attorney for Plaintiff
                                    KATHRYN KELLEY

**FIRST AMENDED COMPLAINT FOR DAMAGES 42 USC §1983 -**