IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHRYN KELLEY,           )
                          )   2:10-cv-00557-GEB-GGH
           Plaintiff,     )
                          )
      v.                  )   ORDER GRANTING DEFENDANTS'
                          )   MOTION TO DISMISS
LARRY ALLEN, DISTRICT ATTORNEY )
OF SIERRA COUNTY, individually; )
SARAH WRIGHT, individually and )
in her capacity as VICTIM )
WITNESS ADVOCATE OF THE COUNTY )
OF SIERRA); THE COUNTY OF )
SIERRA; and DOES 1-25 inclusive, )
                          )
           Defendants.    )
_____)

Defendants Larry Allen ("Allen"), Sarah Wright ("Wright"), and the County of Sierra ("Sierra County") (collectively referred to as "Defendants") each move for dismissal of Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff alleges under 42 U.S.C. § 1983 that each Defendant violated her right under the Fourth and Fourteenth Amendments. Plaintiff also alleges under 42 U.S.C. § 1985 that each Defendant engaged in a conspiracy to violate her civil rights. Plaintiff seeks damages based on these claims, and declaratory and injunctive relief. Plaintiff has failed to oppose the motions. For the reasons stated below, each Defendant's motion will be granted.

## I. Legal Standard

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

In analyzing whether a claim has facial plausibility, "[w]e accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).

2

**II. Factual Allegations**

Plaintiff, a resident of Calpine, California, has sued Allen, the District Attorney of Sierra County; Wright, the Sierra County "Victim Witness Advocate;" and Sierra County, "the employer and supervisor of [Allen and Wright]". (First Am. Compl. ("FAC") ¶¶ 4, 7, 8, 18.) Plaintiff alleges that starting in August of 2006,

> every complaint or charge filed by [Plaintiff] against people who committed criminal acts against her . . . was disregarded by Allen and his coconspirators without properly investigating or evaluating her claims. In fact out of over 50 complaints filed by [Plaintiff], zero cases were filed despite recommended charges filed by the Sierra County Sheriff after they [sic] investigated the complaints made by [Plaintiff].

Id. 4:3-9. Plaintiff also alleges that Allen "simultaneously prosecuted her to the fullest extent of the law for infraction offenses and other offenses without probable cause." Id. ¶ 11. Plaintiff further alleges that after she was sexually assaulted in September 2006, "Wright refused to aid [Plaintiff] as a victim of a sexual battery." Id. ¶ 22.

**III. Discussion**

**A. § 1983 Claims against Wright**

Wright argues Plaintiff's § 1983 claims against her are time-barred. "The statute of limitations for § 1983 claims is borrowed from the analogous state statute of limitations for personal injury actions; in California, that limitation period is two years" from the date of accrual. Paramount Contractors and Developers, Inc. v. City of Los Angeles, No. CV 08-5653 ABC (PLAx), 2011 WL 333472, at *4 (C.D. Cal. Jan. 28, 2011) (citing CAL. CIV. PROC. CODE § 335.1 and Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999)).

> While state law determines the period of limitations, federal law determines when a cause of action accrues. Under federal law a cause of action accrues, and the statute of limitations begins to

3

   run, when a plaintiff knows or has reason to know of the injury that is the basis of the action.

Alexopulos By and Through Alexopulos v. San Francisco Unified Sch. Dist., 817 F.2d 551, 555 (9th Cir. 1987) (internal citation omitted).

  Here, Plaintiff alleges that in September of 2006 Wright "refused to aid [Plaintiff] as a victim of a sexual battery" after Plaintiff reported she was sexually assaulted. (FAC ¶ 22.) The face of this allegation shows that Plaintiff's § 1983 claims against Wright accrued no later than September of 2006. However, Plaintiff did not commence this action until March 9, 2010, and Plaintiff has not alleged facts indicating the statute of limitations period should be tolled. Therefore, Plaintiff's § 1983 claims against Wright are barred by the statute of limitations and are dismissed.

**B. § 1983 Claims against Allen**

  Allen seeks dismissal of Plaintiff's § 1983 claims against him, arguing absolute prosecutorial immunity shields him from those claims since "Plaintiff's claims focus on [Allen's] prosecution of Plaintiff and his alleged failure to prosecute claims brought by Plaintiff." (Mot. 8:6-7.) "[I]t is well established that a prosecutor has absolute immunity for the decision to prosecute[.]" Roe v. City & Cnty. of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997). Further, "a prosecutor is entitled to absolute immunity for the decision not to prosecute." Id.

  Since Plaintiff's § 1983 claims against Allen concern Allen's decisions of whether or not to prosecute Plaintiff or to prosecute other persons based on claims filed by Plaintiff, Allen prevails on his absolute prosecutorial immunity defense. Therefore, Plaintiff's § 1983 claims against Allen are dismissed.

4

**C. § 1983 Claims against Sierra County**

Sierra County argues Plaintiff's § 1983 claims against it should be dismissed since "Plaintiff has failed to identify any specific policy or practice . . . that resulted in the purported violation of her constitutional rights." (Mot. 18:4-5.) "Counties are liable for constitutional violations under § 1983 only if the individual officer who committed the violation was acting pursuant to a local policy, practice or custom." King Cnty. v. Rasmussen, 299 F.3d 1077, 1089 (9th Cir. 2002). "[T]here must be 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

Plaintiff alleges in a conclusory manner that Sierra County engaged in a "systematic failure . . . to assure proper training and supervision of their [sic] personnel or to implement meaningful procedures to discourage lawless official conduct." (FAC ¶ 17.) "A local governmental entity's failure to train its employees can . . . create § 1983 liability where the failure to train 'amounts to deliberate indifference to the rights of persons' with whom those employees are likely to come into contact." Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (quoting City of Canton, 489 U.S. at 388-89). However, Plaintiff "does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiff['s] harm." Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). Therefore, Plaintiff's allegations are insufficient to state plausible failure to train and/or supervise claims against Sierra County.

1  Plaintiff also alleges that unnamed "Officials and
2 Supervisors" who "were in the position to set and direct policy of the
3 County . . . . allowed the illegal unimmunized activities [of Allen and
4 Wright] to continue in violation of [Plaintiff's] rights" despite
5 "knowing that they [sic] actions were done illegally." Id. ¶¶ 19, 74. "A
6 municipality may be held liable for a constitutional violation if a
7 final policymaker ratifies a subordinate's actions." Lytle v. Carl, 382
8 F.3d 978, 987 (9th Cir. 2004). However, "[t]o show ratification, a
9 plaintiff must show that the 'authorized policymakers approve a
10 subordinate's decision and the basis for it.'" Id. (quoting Christie v.
11 Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999)). "A mere failure to overrule
12 a subordinate's actions, without more, is insufficient to support a §
13 1983 claim." Id. Since Plaintiff does not allege that the unnamed
14 Supervisors and Officials approved specific constitutional violations,
15 her allegations are insufficient to state plausible claims against
16 Sierra County for policymaker ratification of a subordinate's actions.
17 Therefore, Plaintiff's § 1983 claims against Sierra County are
18 dismissed.

**D. § 1985 Claim**

20  Each Defendant argues Plaintiff's § 1985 claim for conspiracy
21 to commit civil rights violations should be dismissed since "Plaintiff
22 fails to state any facts specific to an actual conspiracy," and
23 "Plaintiff fails to allege any 'class-based discriminatory animus' as
24 required by [§ 1985]." (Mot. 13:16, 13:28-14:1.) "To state a claim for
25 conspiracy to violate constitutional rights, 'the plaintiff must state
26 specific facts to support the existence of the claimed conspiracy.'"
27 Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004)
28 (quoting Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989). "In

addition, an indispensable element of [a § 1985] conspiracy claim is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" <u>Wells v. Bd. of Trustees of California State Univ.</u>, 393 F. Supp. 2d 990, 996 (N.D. Cal. 2005) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).

Plaintiff has not alleged sufficient facts to support the existence of a conspiracy since she has not alleged the existence "of an agreement amongst the [Defendants] to violate her constitutional rights." <u>Olsen</u>, 363 F.3d at 929-930. Further, Plaintiff alleges in a conclusory manner that: "The sole purpose of [the] conspiracy was to ruin [Plaintiff]." (FAC ¶ 79.) Therefore, Plaintiff has not stated a plausible § 1985 claim, and this claim is dismissed.

### IV. Conclusion

For the stated reasons, each Defendant's motion to dismiss is granted. Plaintiff is granted five (5) days from the date on which this order is filed to file an amended complaint addressing the deficiencies of the claims in her First Amended Complaint. Further, Plaintiff is notified the First Amended Complaint may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if she does not file an amended complaint within this prescribed time period.

Dated: May 3, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge