IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
KATHRYN KELLEY,                      )
                                     )    2:10-cv-00557-GEB-GGH
               Plaintiff,            )
                                     )
          v.                         )    ORDER OF DISMISSAL
                                     )
LARRY ALLEN, DISTRICT ATTORNEY       )
OF SIERRA COUNTY, individually;      )
SARAH WRIGHT, individually and       )
in her capacity as VICTIM            )
WITNESS ADVOCATE OF THE COUNTY       )
OF SIERRA; THE COUNTY OF SIERRA;     )
and DOES 1-25 inclusive,             )
                                     )
               Defendants.           )
_____      )
```

An order issued on May 3, 2011, granting Defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissal motion. The May 3, 2011 order also granted Plaintiff five (5) days to file an amended complaint and warned Plaintiff that this case "may be dismissed with prejudice under [Rule] 41(b) if she [failed to] file an amended complaint within this prescribed time period." Kelley v. Allen, No. 2:10-cv-00557-GEB-GGH, Slip Copy, 2011 WL 1668997, at *4 (E.D. Cal. May 3, 2011). Plaintiff did not file an amended complaint within the prescribed time period.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992). In determining whether to dismiss a case as a sanction, "the district court

must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

The first and second factors weigh in favor of dismissal in this case because Plaintiff's non-compliance with the May 3, 2011 order has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish, 191 F.3d at 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

The third factor concerning the risk of prejudice to defendants considers the strength of a plaintiff's excuse for non-compliance. See id. (stating that "the risk of prejudice [is related] to the plaintiff's reason for defaulting"). Since Plaintiff has provided no reason for her non-compliance, the third factor also favors dismissal.

The fourth factor concerning the public policy favoring disposition of cases on their merits weighs against dismissal of Plaintiff's case. See id. at 643 ("Public policy favors disposition of cases on the merits"). However, the fifth factor concerning whether the Court has considered less drastic sanctions weighs in favor of dismissal since Plaintiff failed to amend her complaint within the prescribed time period even though she was warned that this failure could result in

dismissal of this case with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that [her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

The balance of the factors strongly favors dismissal of this case with prejudice. Therefore, the doe defendants are dismissed, and this action is dismissed with prejudice. Judgment shall be entered in favor of Defendants.

Dated:  May 9, 2011

GARLAND E. BURRELL, JR.
United States District Judge