IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KATHRYN KELLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY ALLEN, DISTRICT ATTORNEY OF SIERRA COUNTY, individually; SARAH WRIGHT, individually and in her capacity as VICTIM WITNESS ADVOCATE OF THE COUNTY OF SIERRA); THE COUNTY OF SIERRA; and DOES 1-25 inclusive,<br><br>    Defendants. | 2:10-cv-00557-GEB-DAD<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DISMISSING CASE WITH PREJUDICE AND JUDGMENT</u> |

        Plaintiff moves under Federal Rule of Civil Procedure ("Rule") 60(b)(1) for relief from the May 10, 2011 Order, which dismissed this case with prejudice, and the judgment entered against Plaintiff as a result of the issuance of that dismissal Order. Plaintiff also requests leave to file a Second Amended Complaint.

        This case was dismissed with prejudice after Plaintiff failed to timely file a Second Amended Complaint within the time period required in the Court's May 3, 2011 Order. Plaintiff argues she is entitled to relief under Rule 60(b)(1) from the dismissal with prejudice order and the adverse judgment, since her failure to timely file a Second Amended Complaint was caused by her attorney's excusable neglect.

1

Specifically, Plaintiff's attorney avers he did not timely file a Second Amended Complaint since he "did not see" the Court's email notification concerning issuance of the May 3, 2011 dismissal order, which provided a period of time within which Plaintiff could have filed an amended complaint. (Decl. of David S. Silber ¶ 4.) Plaintiff's attorney further avers that he did receive the Court's email notification concerning the issuance of the May 10, 2011 dismissal with prejudice order, and that he subsequently "changed [his] email [address] due to the amount of junk email [he] receive[d][.]" Id. ¶¶ 4-5.

"Rule 60(b) provides that a court 'may relieve a party or its legal representative from a final judgment, order, or proceeding' on the basis of . . . excusable neglect.'" Ahanchian v. Xenon Pictures Inc., 624 F.3d 1253, 1260 (9th Cir. 2010) (quoting Fed. R. Civ. P. 60(b)(1)). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' . . . and includes 'omissions caused by carelessness[.]'" Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993)).

> To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

Ahanchian, 624 F.3d at 1261.

These four factors weigh in favor of granting Plaintiff's motion, since Defendants have not shown they will suffer any prejudice other than incurring additional time and expense in defending this case if Plaintiff's motion is granted. "Prejudice requires greater harm than

simply that relief would delay resolution of the case." Lemoge, 587 F.3d at 1196. The length of delay and its potential impact on the proceedings also is minimal since Plaintiff moved for relief less than one month after this case was dismissed with prejudice. See Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (stating a delay of "a little more than one month" is "not long enough to justify denying relief[,]" even though Plaintiff's attorney "should have responded more quickly"). Plaintiff's attorney's reason for delay is "weak." Id. at 1223, 1225 (stating an attorney's failure to timely oppose a summary judgment motion due to "his recovery from jet lag and the time it took to sort through the mail that had accumulated while he was away[,]" was an "admittedly [] weak" reason for delay). "But there is no evidence that [Plaintiff's attorney] acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness." Id.

Therefore, Plaintiff's Rule 60(b)(1) motion is granted. The May 10, 2011 Order dismissing this case with prejudice (ECF No. 23) is rescinded, and the judgment entered against Plaintiff (ECF No. 24) is vacated. Plaintiff is granted five (5) days from the date on which this Order is filed to file a Second Amended Complaint addressing the deficiencies discussed in the dismissal order. Further, Plaintiff is notified this case may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if she does not file a Second Amended Complaint within this prescribed time period.

Dated: August 1, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

3