IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KELLEY, | 2:10-cv-00557-GEB-DAD |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH PREJUDICE[*] |
| LARRY ALLEN, DISTRICT ATTORNEY OF SIERRA COUNTY, individually; SARAH WRIGHT, individually and in her capacity as VICTIM WITNESS ADVOCATE OF THE COUNTY OF SIERRA; THE COUNTY OF SIERRA, | |
| Defendants. | |

Defendants Larry Allen ("Allen"), Sarah Wright ("Wright"), and the County of Sierra ("Sierra County") (collectively referred to as "Defendants") each move for dismissal of Plaintiff's Second Amended Complaint ("SAC"). Defendants argue dismissal should be with prejudice since the SAC fails to cure the deficiencies for which the First Amended Complaint ("FAC") was dismissed in an order filed on May 3, 2011. (Defs.' Mot. to Dismiss ("Mot."), 3:18-20.) Plaintiff opposes the motion. Plaintiff's SAC is comprised solely of federal claims against each Defendant alleged under 42 U.S.C. §§ 1983 and 1985.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I. Legal Standard

"In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted).

## II. Discussion

**A. Claims against Wright**

Wright seeks dismissal of all claims against her, arguing the claims are barred by California's two-year statute of limitations which is applicable to personal injuries. (Mot., 4:20-6:4.) The allegations against Wright in the SAC allege that Wright "refused to provide [Plaintiff with] victim advocacy services" in September 2006. (SAC, ¶¶ 29, 56, 65-66.) Plaintiff filed her original complaint on March 9, 2010.

1    Plaintiff counters that the three-year statute of limitations in California Code of Civil Procedure section 338(1) applies, since section 338(1) provides the statute of limitations for actions upon liabilities created by statute. (Pl.'s Opp'n to Mot. to Dismiss ("Opp'n"), 4:8-21.) The issue of which of these statutes applies need not be resolved, since Wright's alleged conduct occurred in September 2006, which is more than three years before Plaintiff filed her complaint.

Plaintiff also argues that the statute of limitations was tolled until July 10, 2009 under California Government Code section 945.3, which states in relevant part:

> No person charged . . . [with] a criminal offense may bring a civil action for money or damages against a *law enforcement officer* or the *public entity employing a law enforcement officer based on conduct of the law enforcement officer relating to the offense for which the person is charged* . . . while the charges against the person are pending before a superior court. Any applicable statute of limitations for filing and prosecuting these actions is tolled during the period that those charges are pending.

(Cal. Gov. Code § 945.3 (West 2010) (emphasis added); see SAC, ¶ 15; Pl.'s Opp'n to Mot. to Dismiss ("Opp'n"), 3:19-4:6.) However, Plaintiff's reliance on section 945.3 is unavailing since no reasonable inference can be drawn from Plaintiff's allegations to support Plaintiff's conclusory argument that Wright is a "peace officer" under California law. Cal. Penal Code § 830.1 (West 2008). This Penal Code provision defines "peace officer" as "[a]ny sheriff, undersheriff, or deputy sheriff, . . . any chief of police of a city [or district] or chief, director, or chief executive officer of a consolidated municipal public safety agency that performs police functions, . . . any marshal or deputy marshal of a superior court or county, any port warden or port

3

police officer . . . , or any inspector or investigator employed in that capacity in the office of a district attorney." Id. Nor does any allegation in the SAC support drawing the inference that Wright's alleged failure to assist Plaintiff when Plaintiff was a crime victim "relat[es] to [an] offense for which [Plaintiff] was charged." Cal. Gov. Code § 945.3. Therefore, section 945.3 did not toll any applicable statute of limitations.

Wright argues the claims against her should be dismissed with prejudice, since the same claims were previously found barred by the statute of limitations and Plaintiff failed to cure the deficiency in the SAC found to exist in the FAC. (Mot. 3:15-20, 4:3-5.) It is now evident that further "amendment would be futile, [and] there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Therefore, Plaintiff's claims against Wright are barred by the applicable statute of limitations and are dismissed with prejudice.

**B. § 1983 Claims against Allen**

Allen argues Plaintiff's § 1983 claims against him should be dismissed since he his absolute prosecutorial immunity defense shields him from having to defend against Plaintiff's claims. (Mot., 9:1-13:12.) Plaintiff alleges in the SAC that "[Allen] blatantly discriminated against [her] when he failed to properly investigate and evaluate complaints [alleging felonies and misdemeanors against other Sierra County residents] that [Plaintiff] filed with the Sierra County Sheriff's deputies on at least 80 different occasions . . . between 2006 [and] 2010." (SAC, ¶ 19.) Plaintiff further alleges in the SAC that Allen charged Plaintiff in seven criminal complaints filed in state

4

court between late 2006 and 2008 based on false allegations made by other Sierra County residents. (Id. ¶¶ 14, 69-76.)

Allen argues absolute prosecutorial immunity shields him from Plaintiff's claims, since his actions involved his decisions regarding whether to prosecute Plaintiff and whether or not to prosecute other Sierra County residents based on Plaintiff's complaints. (Mot., 9:21-24.) "[I]t is well established that a prosecutor has absolute immunity for the decision to prosecute . . . [and] for the decision not to prosecute." Roe v. City & Cnty. of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997). Therefore, the claims against Allen are barred by his absolute prosecutorial immunity defense.

Since Plaintiff's § 1983 claims against Allen were previously dismissed based on Allen's absolute prosecutorial immunity defense, and Plaintiff failed to plead facts in her SAC to overcome this defense, it is clear that "any amendment would be futile, [and] there [is] no need to prolong the litigation by permitting further amendment." Lipton, 284 F.3d at 1039. Therefore, the claims against Allen are dismissed with prejudice based on Allen's absolute prosecutorial immunity defense.

**C. § 1983 Claim against Sierra County**

Sierra County argues Plaintiff's § 1983 claim against it should be dismissed, since the SAC fails to identify specific policies, practices and training procedures that allegedly violated Plaintiff's constitutional rights. (Mot., 16:14-10.) Plaintiff alleges in the SAC that Sierra County's "policies, customs and/or practices" are comprised of its "ongoing pattern of deliberate indifference to the rights and privileges of citizens of Sierra County, to be free from wrongful arrests and detentions and illegal warrantless entry and search." (SAC, ¶ 109.) Plaintiff also alleges in the SAC that unnamed "Supervisors and

Officials allowed the illegal unimmunized activities [of Allen and Wright] to continue in violation of [Plaintiff's] rights." (Id., ¶ 110.) However, Plaintiff does not allege specific facts in the SAC to support these allegations, and these "'naked assertion[s]'" are insufficient to state a claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

Sierra County argues Plaintiff's § 1983 claim against it should be dismissed with prejudice, since the claim was previously dismissed for the same reason and Plaintiff failed to cure the deficiency. Since it is now clear that "any amendment would be futile," Plaintiff's § 1983 claim against Sierra County is dismissed with prejudice. Lipton, 284 F.3d at 1039.

**D. § 1985 Claim**

Defendants argue Plaintiff's § 1985 claim should be dismissed with prejudice, since Plaintiff fails to allege in the SAC the existence of an agreement, and fails to allege class-based discriminatory animus behind the conspiracy. (Mot., 14:20-16:12.) Plaintiff does not address Defendants' argument in her Opposition. "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929-30 (9th Cir. 2004) (internal citations and quotation marks omitted).

Plaintiff alleges in the SAC that Defendants "coordinated and conspired to substantially assist each other in the wrongful conduct . . . , by planning and putting into effect a program of public statements." (SAC, ¶ 113.) Plaintiff also alleges in the SAC that Defendants made these public statements because they were motivated by

6

"personal bias and animosity" against Plaintiff. (Id., ¶¶ 17, 23.) These conclusory allegations are insufficient to allege a conspiracy.

Therefore, this claim will be dismissed. Since plaintiff's § 1985 claim was previously dismissed for the same deficiencies, which Plaintiff failed to cure, it is evident "any amendment would be futile." Lipton, 284 F.3d at 1039. Therefore, Plaintiff's § 1985 claim is dismissed with prejudice.

### III. Conclusion

For the stated reasons, the SAC is dismissed with prejudice, and judgment shall be entered in favor of Defendants.

Dated: October 25, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge